UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE BRACKMAN and<br>BRENDA BRACKMAN,<br><br>      Plaintiffs,<br><br>            v.<br><br>EPHESON TRANSPORT, LLC, *et al.*,<br><br>      Defendants. | Case No. 15-cv-325-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant J.B. Hunt Transport, Inc.'s Motion (Doc. 13) to Dismiss Counts VII, VIII, and XII of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed a timely response (Doc. 19). However, Defendant's motion presented matters outside of the pleading and the Court was required to treat the motion as a Motion for Summary Judgment (Doc. 22). The parties were notified and given an opportunity to supplement both the motion and the response. No supplemental briefings have been filed and the time period has elapsed.

I. **Background.**

This matter arises from a motor vehicle accident. According to the Complaint, Defendant Sharew was employed by Epheson Transport and was operating a Freightliner Columbia 120 tractor hauling a J.B. Hunt trailer on eastbound Interstate 270 in Madison County, Illinois. Plaintiff Eugene Brackman was driving a 1991 Plymouth Acclaim traveling in the same lane behind the tractor-trailer. Defendant Sharew stopped – or unexpectedly slowed – his tractor-trailer to a slow rate of speed and the Plaintiff collided with the rear of the trailer causing damages to the Plaintiffs' vehicle and severe injury to Plaintiff Eugene Brackman.

1

The Complaint alleges that Defendant Sharew was, at all relevant times alleged in the complaint, an agent of J.B. Hunt. In its motion, J.B. Hunt attached the Outsource Carriage Agreement between J.B. Hunt and Defendant Epheson Transport, LLC alleging that no such relationship exists.

II. **Analysis.**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

"When an action is brought against a master based on allegedly negligent acts of the servant and no independent wrong is charged on behalf of the master, liability is entirely derivative, being founded upon the doctrine of respondeat superior." *Moy v. County of Cook,* 159

Ill.2d 519, 524, 203 Ill.Dec. 776, 640 N.E.2d 926 (1994)**.** Although the terms "principal" and "agent," "master" and "servant," "employer" and "employee" may have separate connotations for purposes of contract authority, such distinctions are immaterial for tort purposes. In order for a plaintiff to invoke the doctrine of *respondeat superior,* it is sufficient that one of the above relationships be established and that the wrongdoer be either the employee, the agent, or the servant. (1 J. Lee & B. Lindahl, Modern Tort Law § 7.02 (rev. ed. 1988)" *Id*. at 523. "Absent an employment relationship, the doctrine does not apply." Id. "Critical to the determination of a master-servant relationship is the existence of the right to control, which includes the power of discharge." *Id*.

The terms of the Outsource Carriage Agreement (OCA) between J.B. Hunt and Epheson Transport states: "CARRIER shall perform any and all services hereunder as an independent contractor." (Doc. 13-1, section 2.1). It further states: "No provisions of this OCA or any act or omission of either party shall be construed for any purposes to express or imply a joint, venture, partnership, principal/agent, fiduciary, parent/subsidiary, employer/employee relationship or other such relationship implying a lack of independent operation by CARRIER. Carrier shall provide sole supervision and liability for and shall have exclusive control over the operations of its personnel, contractors, subcontractors and other agents, as well as any and all other vehicles, equipment and property, whether tangible or intangible, under the control of CARRIER." *Id*.

As such, it appears that neither Epheson Transport, nor its employee Sharew, were agents, employees, and/or representatives of J.B. Hunt. Although given the opportunity, Plaintiffs did not file a supplemental response to the now motion for summary judgment. Local Rule 7.1(g) provides that in the Court's discretion, failure to file a timely response can be considered an admission of the merits of the motion. Although Plaintiffs did respond to the Rule

3

12(b) motion, there is no supplemental response to the motion for summary judgment which the Court will construe as an admission on the merits with regard to the relationship between the defendants.

Based on the above, Defendant J.B. Hunt Transport, Inc.'s Motion (Doc. 13) to Dismiss Counts VII, VIII, and XII of Plaintiffs' Complaint is **GRANTED**.  As there are no pending counts against J.B. Hunt Transport, Inc., J. B. Hunt Transport, Inc. is **DISMISSED** without prejudice.  Finally, as there are no remaining defendants in this matter, this case is **DIMISSED** with prejudice with regard to Defendants Epheson Transport, LLC and Ephrem Sharew and **DISMISSED** without prejudice with regard to Defendant J.B. Hunt Transport, Inc.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:** 10/15/2015

                                         *s/J. Phil Gilbert*
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**